Pike vs. Commonwealth.

CASE 12—INDICTMENT—JUNE 22.

# Pike vs. Commonwealth.

APPEAL FROM KENTON CIRCUIT COURT.

1. An indictment, charging that the defendant "unlawfully exhibited a theatrical performance," is not good. It should aver the facts showing it to be unlawful.

2. The common law, which sanctions prudent theatrical performances, denounces as unlawful such as are demoralizing, licentious, or obscene.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Samuel N. Pike, proprietor of "Pike's Opera House," in Cincinnati, was prosecuted by three separate indictments, in the Kenton circuit court, for unlawful operatic exhibitions, on three successive nights, in Covington, Kentucky. On a submission of the law and the facts to the circuit judge, he adjudged against the accused, appellant, a fine of $100 for each of the three nights, making, aggregately, $300, under the 9th section, article 4, chapter 83, Stanton's Revised Statutes, p. 248, providing that, "where duties are required of persons, or acts forbidden to them, in any of the articles in this chapter, and the penalty (as in this case) may not have been prescribed in the article, the penalty shall be $100 for each offense." And understanding, as we do, that, although, in such a case, the law requires only one license, specifying the number of days, for each of which a tax must be paid, yet each exhibition, without license, is a separate offense, we cannot adjudge the fine of $300 excessive, as we think competent testimony sufficiently showed an exhibition on three several nights, and, therefore, proved three distinct offenses, if there was any offense at all.

But no one of the indictments identifies and charges sufficiently any offense; each of them alike only charges that the appellant "*unlawfully* exhibited a theatrical performance;" but how or why the exhibition was unlawful, neither of them states any *fact* to show.

The common law, which sanctions prudent theatrical performances, denounces as unlawful such as are demoralizing,

licentious, or obscene.   And the statute law of Kentucky has made no innovation on the common law, except to require a license and denounce a penalty for exhibiting without license.

Then what does "unlawfully," in the indictment, mean? Does it mean that the operatic exhibition was immoral, and, therefore, a common law offense?   Or does it mean that it was not licensed and, *therefore*, a statutory offense?   We cannot tell which.   And whether the one or the other, a statement of the facts necessary to identify it, and show its illegality, was indispensable to the sufficiency of the indictment.   A simple charge of felony, without alleging any fact authorizing a judicial deduction of any such crime, would be just as good as the deductive charge in this case.   To show a statutory offense, the indictments ought to have charged a violation of the statute law in exhibiting without paying the State tax and obtaining a State license.   And, to show a common law offense, they ought to have charged immorality. The principle is too familiar, and the authorities too numerous and conclusive on this point, to require or even justify elaboration or citation.

We are, therefore, of the opinion that the circuit court erred in overruling the demurrers to the indictments and the motions in arrest of judgment.

The 4th section of the same enactment, page 240, fixes the amount of the State tax on such operatic shows, and the 6th section, page 241, prescribes the mode of issuing license therefor, and gives the authority to the county court clerks; and these provisions being, as we think, unrepealed and unqualified by any other enactment, constitute the law, and only law, on the subject of State tax and licenses for theatrical exhibitions.

And, consequently, if, as we may presume from the drift of the testimony in this case, the indictments contemplated a statutory offense, they ought to have charged performances without any State license, so as to show, on demurrer, that the acts *were* "*unlawfully*" committed, and, therefore, were indictable; and then the appellant would have known what and how to defend.

· Wherefore, the judgment is reversed, and the cause remanded with instructions to sustain the demurrers to the indictments.